IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFRED DOUGLASS ROBINSON JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY,[1] )<br>*Commissioner of Social Security,* )<br>)<br>Defendant. )<br>) | Civil Action No. 23-1136 |

O R D E R

AND NOW, this 29th day of August, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1]     Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by finding him to be not disabled. (Doc. No. 14). Specifically, Plaintiff contends that the ALJ overlooked the waxing and waning of his mental health symptoms, placed too much emphasis on his self-assessment instead of on the medical source statements, gave too little weight to the Global Assessment of Functioning ("GAF") scores found by Ms. Terry Sheffey, M.S.W., and wrongfully discredited parts of the vocational expert's ("VE") testimony. (*Id.* at 8-12). Plaintiff also posits that the ALJ did not adequately consider the opinion evidence as he did not consider the findings of Dr. Chantal Deines, Psy.D. (*Id.* at 10, 12). After careful review of the record, the Court disagrees with Plaintiff for the following reasons.

The Court rejects Plaintiff's argument that the waxing and waning of his mental health symptoms prevent him from working a full-time job. (*Id.* at 9). Plaintiff presents this argument as a categorical rule, meaning that no claimant that has waxing and waning of mental health symptoms could sustain a full-time job; however no such rule exists. Indeed, "it is well-established . . . that a claimant need not be pain free or symptom free to be found not disabled." *Null v. Saul*, No. 18-759, 2019 WL 2867201, at *3 (W.D. Pa. July 3, 2019); *see also Welch v. Heckler*, 808 F.2d 264, 270 (3d Cir. 1986). Here, the ALJ considered the waxing and waning of Plaintiff's symptoms when determining that he was not disabled and noted that the longitudinal record demonstrated that Plaintiff could sustain work as there were not significant findings of psychosis, hallucinations, delusions, or paranoia. (R. 25-26). Given this, the ALJ reasonably concluded that Plaintiff's mental health symptoms did not prevent him from sustaining full time work.

Likewise, there is no merit in Plaintiff's argument that the ALJ placed too much emphasis on his self-assessment. (Doc. No. 14 at 10). Plaintiff contends that the medical source statements were a more reliable indicator of Plaintiff's abilities and that the ALJ should have credited these more than Plaintiff's statements about how he spends his typical day. (*Id.*). Plaintiff overlooks that the ALJ should and, in fact, must consider the claimant's activities of daily living in evaluating the severity of the claimant's symptoms and limitations. *See* 20 C.F.R. § 416.929(c)(3)(i); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). Here, the ALJ appropriately considered Plaintiff's report of daily activities in accordance with the applicable regulations. Plaintiff reported that he plays video games, plays pool with friends, and spends time with others, including for sex "every time I get the chance[.]" (R. 22 (quoting Ex. C5E)). The ALJ noted that these reports contrast with Plaintiff's claims that he has substantial problems in interacting with others and, therefore, weighed against the

credibility of Plaintiff's complaints.  (R. 28).  Accordingly, the ALJ appropriately considered Plaintiff's self-assessment in the context of the record.

Plaintiff next argues that the ALJ did not give appropriate credence to Ms. Sheffey's findings, specifically her finding that Plaintiff had GAF scores of 25 and 45, which he argues suggest serious mental impairment.  (Doc. No. 14 at 10).  While an ALJ should consider a claimant's GAF scores in determining the impairments and limitations necessary in the RFC, GAF scores are not dispositive of disability.  *See Irizarry v. Barnhart*, 233 Fed. Appx. 189 (3d Cir. 2007); *Gilroy v. Astrue*, 351 Fed. Appx. 714, 715 (3d Cir. 2009) (stating "a GAF score of 45, if credited, would not require a finding of disability.").  Here, similar to the plaintiff in *Gilroy*, Plaintiff presented a GAF score of 45.  (R. 26).  The ALJ analyzed this score, as well as Plaintiff's other GAF score of 25, and explained that she assigned these scores little weight because they were not consistent with Plaintiff's prior medical records, showing "generally intact levels of neurocognitive functioning" and his reports that he "lives independently in a multistory apartment[.]"  (R. 26 (quoting Ex. C2F/8-9)).  Indeed, as the ALJ explained, a GAF score of 25 is "suggestive of behavior considerably influenced by delusions or hallucinations, or serious impairment in communication or judgment, or inability to function in almost all areas" and that did not align with the Plaintiff's medical history, which did not show significant evidence of psychosis, hallucinations, delusions, or paranoia.  (R. 25-26).  Accordingly, the ALJ's analysis of Plaintiff's GAF scores is supported by substantial evidence.

Plaintiff also argues that the ALJ erred by not relying on the findings of Dr. Deines. (Doc. No. 14 at 10-11; Ex. C14F).  Plaintiff argues these findings were a more reliable source of substantial evidence than Plaintiff's self-assessment and that the ALJ should have focused on Dr. Deines' observations that Plaintiff had below average eye contact, had an irritable affect, had difficulties with calculation and concentration, and was likely functioning in the range of borderline intellectual ability.  (Doc. No. 14 at 10-11).  The ALJ's decision shows that she adequately analyzed the opinion of Dr. Deines and considered this when determining that Plaintiff was not disabled.  The regulations provide that the ALJ is tasked with determining the persuasiveness for each medical opinion and "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."  82 Fed. Reg. at 5853.  *See also* 20 C.F.R. §§ 416.920c(b) and (c).  Applying these regulations, the ALJ found Dr. Deines' opinion "overly restrictive and non-persuasive" because it was not supported by Dr. Deines' exam or consistent with the record.  Specifically, the ALJ found this opinion was not supported by Dr. Deines' own exam where she remarked that Plaintiff "presented with perceived lack of effort, including with regard to attention and concentration, while also noting no 'particular impulsivity' on testing[.]"  (R. 30).  The ALJ also found this opinion was not consistent with the rest of the record, which showed Plaintiff had many activities of daily life that required sustained attention and concentration and ability to interact with others.

3

(*Id.*). Accordingly, the ALJ's decision shows that she adequately considered the findings of Dr. Deines and substantial evidence supports the ALJ's decision.

Plaintiff also posits that the ALJ should have focused on his reports to Dr. Deines where he stated that he did not like crowds and almost did not come to his appointment. (*Id.* at 10). Plaintiff frames this as a finding of Dr. Deines, but it is well settled that the mere memorialization of a claimant's subjective complaints into a medical source's opinion does not transform those complaints into objective findings. *See Hatton v. Comm'r of Soc. Sec.*, 131 Fed. Appx. 877, 879 (3d Cir. 2005). The ALJ did correctly consider the Plaintiff's complaints of not liking crowds and used this as a factor in determining that Plaintiff was moderately to markedly limited in interacting with others. (R. 22). Further, the ALJ considered Plaintiff's subjective complaints and determined that they were not fully credible. (R. 25). Given that the ALJ adequately considered Plaintiff's complaints, the Plaintiff's argument is simply a request to reweigh the evidence, which the Court declines to do. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). Plaintiff's argument does not undermine the fact that substantial evidence supports the ALJ's decision.

Plaintiff also argues that the ALJ wrongfully discredited a portion of the VE's testimony. (Doc. No. 14 at 11-12). Specifically, Plaintiff argues that the ALJ should have credited the VE's testimony that no jobs existed in the national economy for an individual who required a 15-minute break after each hour of work. (*Id.*). However, Plaintiff overlooks that an ALJ must only incorporate "credibly established" limitations into the RFC. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). Here, the ALJ asked the VE a series of hypothetical questions, including whether jobs existed for a person who had problems with persistence at work, specifically when a person required a 15-minute break after each hour of work. (R. 50). The VE testified that such a person would not be able to maintain employment because the employer would not be able to tolerate multiple 15-minute breaks. (R. 50-51). Plaintiff argues that the ALJ should have credited this and found Plaintiff disabled as this hypothetical was consistent with the findings of Dr. Deines. (Doc. No. 14 at 11-12). Plaintiff's argument assumes that the ALJ should have found Dr. Deines' opinion persuasive. As explained above, the ALJ found Dr. Deines' opinion "overly restrictive and non-persuasive" and this was supported by substantial evidence. (R. 30). Accordingly, Plaintiff's argument on this point fails.

The Court affirms the decision of the Commissioner as it is supported by substantial evidence.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:  Counsel of record